UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JOHN B. EVEREST and, | ) | Case No. 10-21181 |
| SUSAN E. EVEREST, | ) | |
| | ) | |
| DEBTORS. | ) | |

**TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES William H. Howison, the duly appointed Chapter 7 Trustee in the above-referenced case (the "Trustee"), by and through counsel, and respectfully requests this Court to enter its Order pursuant to 11 U.S.C. §363, Federal Rules of Bankruptcy Procedure ("FRBP") 2002, 6004(a) and (c), and 9014, and D.Me. LBR ("LBR") 2002-1, 6004-1, and 9014-1, authorizing the Trustee to sell certain real property located at or about at or about 18 Barbara's Way, Kennebunkport, Maine (the "Property") free and clear of all liens, claims, interests and encumbrances. In support of the Motion, the Trustee states as follows:

**JURISDICTIONAL STATEMENT**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the Standing Order of the United States District Court pursuant to which all cases filed under the Code are automatically referred to this Court. Venue is properly in this District pursuant to 28 U.S.C. §1408. This matter is a core proceeding on which the Court can enter a final order pursuant to 28 U.S.C. §§157(b)(2)(A), (N) and (O).

1

**PROCEDURAL STATUS/BACKGROUND**

2.      John B. Everest and Susan E. Everest (the "Debtors") filed an original petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code"), on July 23, 2010 (the "Filing Date").

3.      The Trustee is the duly appointed and acting Chapter 7 Trustee in this case with respect to the Debtors' Chapter 7 estate(s) (the "Estate").

4.      Prior to, and on the Filing Date, Debtor Susan B. Everest was the owner of record of the Property.

5.      On August 12, 2010, People's United Bank ("People's") - the holder of an apparent first priority mortgage against the Property - obtained relief from stay in this Court to proceed with a state court foreclosure action against the Property.

6.      People's commenced a foreclosure case in the Maine District Court, naming Debtor Susan Everest as Defendant and Bank of America ("BofA") and Mortgage Electronic Registration Systems, Inc. ("MERS") - the holders of apparent junior mortgages on the Property - and the State of Maine (Maine Revenue Services) ("MRS") as parties in interest.

7.      On August 30, 2010, the Trustee filed a Notice of Abandonment and final report in the within case, thereby abandoning the Estate's interest in the Property.

8.      On March 22, 2011, People's obtained a foreclosure judgment (the "Foreclosure Judgment") in its state court action.  A true and correct copy of the Foreclosure Judgment is attached hereto as Exhibit A, and is incorporated herein by reference.

9.      As set forth in the Foreclosure Judgment, MRS appeared in the action and filed a timely response to the foreclosure complaint.  BofA, MERS and Susan Everest, despite being

2

properly served, failed to plead or otherwise defend in that action. As a result, those parties were defaulted.

10. No appeal was taken from the Foreclosure Judgment and the Foreclosure Judgment became final.

11. The 90 day redemption period under state law expired on or about June 20, 2011, and People's scheduled a public sale of the Property pursuant to the Foreclosure Judgment for July 26, 2011.

12. Counsel for People's contacted the Trustee about the scheduled sale in late June. Counsel concluded that, in light of the defaults by BofA and MERS in the foreclosure action, the sale was likely to generate a substantial surplus after satisfaction of the People's debt and the MRS liens. Counsel believed that, under the Code, any such funds should be turned over to the Trustee. Counsel, therefore, wanted to give the Trustee notice of the sale so that the Trustee could take any additional action he deemed necessary in this Court prior to the scheduled auction.

13. The Trustee therefore filed a Motion in this Court to revoke his abandonment of the Property on July 7, 2011.

14. The Debtors, through their counsel, consented to the Trustee's motion to revoke abandonment, and this Court entered its Order granting the Trustee's motion on July 20, 2011 [Docket No. 36](the "<u>Revocation Order</u>").

15. The Revocation Order expressly provided that the Property "is and shall constitute property of the estate under 11 U.S.C. §541…"

16. However, prior to the scheduled sale of the Property, People's cancelled the sale.

3

17. Upon information and belief, the sale was cancelled because BofA paid off the People's mortgage debt and took an assignment of the People's loan documents and the Foreclosure Judgment.

18. On or about October 3, 2011, BofA filed a motion with the state court to set aside the Foreclosure Judgment pursuant to Maine Rule of Civil Procedure 60(b) (the "BofA Motion") with the stated intention of then dismissing the foreclosure action.[1]

19. The Trustee filed an objection to the BofA Motion, stating that BofA had failed to provide evidence that would support its requested relief under Rule 60(b).

20. On February 14, 2012, the District Court entered its order (the "District Court Order") denying the BofA Motion. A true and correct copy of the District Court Order is attached hereto as Exhibit B and is incorporated herein by reference.

21. On March 8, 2012, BofA filed a notice of appeal with respect to the District Court Order with the Maine Supreme Judicial Court sitting as the Law Court.

22. On March 19, 2012, the Law Court entered its order dismissing BofA's appeal as untimely.

23. On or about March 26, 2012, BofA filed a motion for reconsideration with respect to the dismissal of its appeal with the Law Court.

24. The Trustee filed an objection to BofA's motion for reconsideration.

25. On April 10, 2012, the Law Court entered its order denying BofA's motion for reconsideration. As such, the District Court Order is now final.

---

[1] BofA also filed a related motion to substitute party seeking to substitute itself for People's as the proper party plaintiff in the action. That motion was eventually granted by the Maine District Court.

4

26. Pursuant to the Code and the Revocation Order, the Property continues to be property of the Debtors' estate, but is now subject to the Final Foreclosure Judgment, as confirmed by the District Court Order.

27. The Trustee therefore files the within motion seeking to sell the Property free and clear of liens, claims and encumbrances (except for property taxes or other municipal assessments that may be due and owing to the Town of Kennebunkport and/or other governmental or quasi-governmental agencies) pursuant to, and subject to, the Foreclosure Judgment, with liens to attach to the proceeds of sale as set forth therein.

### DESCRIPTION AND VALUE OF PROPERTY; PARTIES CLAIMING LIENS/INTERESTS THEREIN

28. According to information obtained by the Trustee from the Town of Kennebunkport, the Property consists of 2.66 acres and is improved by an approximately 5300 square foot single family residence that was built in 2005.

29. The following parties may claim a lien/interest in the Property senior to the interest of the Trustee and the Estate:

    a. The Town of Kennebunkport/other municipal agencies for unpaid municipal assessments;

    b. BofA, to the extent that it is the valid holder of the former People's debt secured by the mortgage recorded in the York County Registry of Deeds in Book 15124, Page 333 in the (estimated) amount of approximately $100,000 as at June 21, 2011 plus additional interest and charges accruing after that date[2];

---

[2] B of A may also have claimed an interest in the Property (either directly or through MERS) by virtue of mortgages recorded in the York County Registry of Deeds in Book 15353, Page 317 and Book 15379, Page 261. However those mortgage liens were foreclosed by the Foreclosure Judgment, which does not provide for any payment to B of A or MERS.

5

   c. MRS, as evidenced by lien notices recorded in the York County Registry of Deeds in Book 15830, Page 7, Book 16051, Page 444 and Book 16075, Page 655 in the approximate amount of $29,658.22 as at the Filing Date (subject to adjustment for accruals and/or any payments made by the Debtors since that time.)

  30. An exact current value of the Property is difficult to determine, partially because the property was abandoned by the Debtors and has been in the possession and control of the mortgagees for some time.

  31. However, the Trustee notes that the Town of Kennebunkport information shows that Debtor Susan Everest purchased the Property in 2006 for $860,000. The Town currently values the Property at $709,700 for property tax purposes.

  32. The Trustee believes a reasonable estimate of the present value of the Property in its current condition is $400,000 - $500,000.

## APPLICABLE AUTHORITY

SALE OF THE PROPERTY

  33. The Trustee files this Motion pursuant to §§363(b)(1) and (f) of the Code. Section 363(b)(1) provides that:

> The Trustee, after notice and a hearing, may. . . sell. . . other than in the ordinary course of business, property of the estate.

  34. Although §363 of the Code provides the mechanism for the relief sought by the Trustee herein, it is well settled that property rights in bankruptcy are generally determined by state law. Butner v. United States, 440 U.S. 48, 55, 59 L.Ed. 2d 136, 99 S.Ct. 914 (1979).

6

35. Here, the Foreclosure Judgment and Maine law govern the right to receive proceeds of the proposed sale. Maine law governing the distribution of foreclosure sale proceeds provides as follows:

> After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at the mortgagor's last known address. This report need not be accepted or approved by the court, provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such challenge may be for money only and does not affect the title to the real estate purchased by the highest bidder at the public sale. Any deficiency must be assessed against the mortgagor and an execution must be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency is limited to the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale. **Any surplus must be paid to the mortgagor, the mortgagor's successors, heirs or assigns in the proceeding.** If the mortgagor has not appeared personally or by an attorney, the surplus must be paid to the clerk of courts, who shall hold the surplus in escrow for 6 months for the benefit of the mortgagor, the mortgagor's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act.

14 M.R.S.A. §6324 (emphasis added).[3]

36. The Trustee therefore recognizes that the net proceeds of sale must be first used to satisfy the debt secured by the People's mortgage and the MRS lien claims pursuant to the final Foreclosure Judgment. The Trustee would then retain any available surplus for the benefit of the Estate.

---

[3] The Trustee appeared in the People's foreclosure case by filing a motion to substitute party in that case on or about August 1, 2011 which was granted on August 25, 2011, and by actively participating in the case with respect to the BofA Motion.

7

<u>SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCS</u>

37.  The sale proposed by the Trustee will be expressly subject to any municipal claims that would be entitled to priority over the People's mortgage pursuant to Maine law.  As such, the rights of the holders of those claims are not impaired by the proposed sale.

38.  The proposed sale will be free and clear of all other liens, claims, interests and encumbrances.  Section 363(f) of the Code sets forth the circumstances in which the Trustee may sell the Property free and clear of other liens, claims, interests and encumbrances.  The Trustee respectfully submits that one or more of the conditions set forth in §363(f) apply to each other creditor claiming a lien or interest in the Property:

    a.  Although BofA does not consent to the sale, BofA could be compelled to accept a monetary satisfaction of its interest in the Property.  Therefore, §363(f)(5) is satisfied as to B of A.

    b.  MRS has consented to the sale.  Therefore, §363(f)(2) is satisfied as to MRS.

39.  Moreover, the above-referenced liens of BofA and MRS will attach to the proceeds of the sale to the same extent and validity as the underlying liens of those parties.[4]  The Trustee, therefore, has satisfied his burden under §363 and the Court should approve the sale of the Property as described herein.

**TERMS OF THE PROPOSED SALE**

40.  Federal Rule of Bankruptcy Procedure 6004 states that a sale of property of the estate outside the ordinary course of business may be by public or private sale.  Fed.R.Bankr.P. 6004(f).

---

[4] The Trustee believes that the sale will generate a net sale price in excess of the face amount of all liens on the Property.  See 11 U.S.C. §363(f)(3).  However, the sale may still be approved even if the sale price is insufficient to pay the referenced lien claims in full.  See, e.g., In re Healthco Int'l, Inc., 174 B.R. 174 (Bankr.D.Mass 1994).

8

41. The Trustee has not yet determined whether he will sell the Property at a public auction or by private sale. The Trustee anticipates retaining the services of a professional auctioneer and/or real estate broker and will file appropriate retention pleadings for such professional. The Trustee will confer with his real estate professional to determine the best way to maximize the value of the Property under the circumstances and will proceed to market and sell the Property accordingly. The Trustee reserves the right to set, and alter, the terms of sale (amount of deposit, closing deadlines, etc.), and/or to withdraw the Property if the Trustee determines that the high bid at any auction is not a sufficient sale price for the Property, after consultation with his retained professionals.

## ACCESS TO PROPERTY

42. As set forth above, upon information and belief, BofA currently has possession of the Property. The Trustee respectfully requests that the Court require BofA to provide reasonable ongoing access to the Property to the Trustee and his professionals/agents from and after the date hereof in order to market and, ultimately, sell the Property.

## THE SALE IS IN THE BEST INTEREST OF CREDITORS AND THE ESTATE/IMMEDIATE EFFECTIVENESS OF SALE ORDER

43. The Trustee believes that the sale of the Property in the manner described herein is in the best interest of the Debtors and their Estate. The proceeds of sale will be used to satisfy, in whole or in part, the claims of creditors of the Estate in what would otherwise be a no asset case. The Debtors will receive a direct benefit from the sale, as available funds will be used to satisfy their nondischargeable tax debt owed to MRS before any distribution to general unsecured creditors is made. Further, in the event that the sale price for the Property is sufficient to satisfy all allowed claims in full (including administrative claims), the Debtors would receive any remaining surplus.

44. In light of the foregoing benefits to the Estate, the Trustee respectfully requests that the Court's Order approving the sale be effective immediately upon entry, notwithstanding the provisions of Fed.R.Bankr.P. 6004(h).

**CONSULTATION WITH PARTIES IN INTEREST/NOTICE OF MOTION**

45. Counsel for the Trustee has consulted with counsel for B of A regarding the proposed sale. BofA does NOT consent to the relief requested herein.

46. Counsel for the Trustee contacted Pamela Waite, Esq., counsel for MRS regarding the proposed sale. MRS CONSENTS to the proposed sale.

47. Counsel for the Trustee has consulted with Neil Shankman, Esq., counsel for the Debtors regarding the proposed sale. The Debtors CONSENT to the proposed sale.

48. The Trustee has given all notices of this Motion required by FBRP 2002(a)(2), and (c)(1), 6004(a), (c) and (f)(1) and 9014, as more particularly set forth in the Certificate of Service filed herewith. The Trustee has also complied with all applicable Local Bankruptcy Rules, including LBR 2002-1, 6004-1 and 9014-1. The Trustee will give such further notice as to the terms of any public or private sale as are required by the Code and applicable non-bankruptcy law. The Trustee therefore respectfully requests that the Court find that sufficient notice of this Motion was given by the Trustee.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter its order (1) granting the within Motion; (2) finding that sufficient notice of the Motion was given by the Trustee; (3) ordering that the Trustee may sell the Property as set forth herein by public or private sale and execute and deliver such documents and instruments as are necessary in order to do so; (4) establishing that the sale is free and clear of all liens, claims and encumbrances as set

10

forth herein; (5) requiring BofA, or any other party in possession of the Property, to provide ongoing access to the Property to the Trustee and his professionals/agents for purposes of marketing and sale of the Property; (6) requiring BofA, MRS and any other party claiming an interest in the Property to execute and deliver appropriate documentation evidencing a release of such interests to the Trustee for purposes of the sale closing; (7) confirming that the sale transaction contemplated hereby shall be free from transfer taxes.

Dated at Portland, Maine this 3rd day of July, 2012.

    /s/ Joshua R. Dow
Joshua R. Dow, Esquire
Pearce & Dow, LLC
Attorneys for Trustee
Two Monument Square, Suite 901
P.O. Box 108
Portland, ME  04112-0108
(207) 822-9900
jdow@pearcedow.com