EXHIBIT A

Doc# 2011016809
Bk 16088  Pg 265 - 275
Received York SS
04/29/2011    11:23AM
Debra L. Anderson
Register of Deeds

STATE OF MAINE                                      DISTRICT COURT
YORK, ss.                                           District Ten/BIDDEFORD
                                                    Div. of E. York
                                                    DOCKET NO. RE-10-244

PEOPLE'S UNITED BANK, formerly      )
known as, OCEAN NATIONAL BANK       )
                                    )
         Plaintiff                  )      JUDGMENT OF FORECLOSURE
                                    )         AND ORDER OF SALE
v.                                  )
                                    )      (Title to Real Estate Involved)
SUSAN EVEREST aka                   )
SUSAN ST. JEAN                      )      18 Barbara's Way, KENNEBUNKPORT,
                                    )                  Maine
         Defendant                  )
AND                                 )          Book 15124, Page 333
                                    )
MAINE REVENUE SERVICES              )
MORTGAGE ELECTRONIC                 )
REGISTRATION SYSTEMS, INC. and      )
BAC HOME LOANS SERVICING, LP        )
                                    )
    Parties of Interest             )

This matter came before the Court on the motion for summary judgment filed by the plaintiff, Peoples United Bank, formerly Ocean National Bank[1] ("Plaintiff"), in its civil action to foreclose a mortgage interest granted by Susan Everest (the "Defendant").

The Plaintiff, being the original mortgagee and owner of the Mortgage, seeks to foreclose a Mortgage granted by Defendant to secure a personal guaranty of commercial obligations of Defendant's business, J'ADORE. Plaintiff has established the following facts:

---

[1] On January 1, 2009, Ocean National Bank was acquired by People's United Bank and became a branch of People's United Bank. See Federal Reserve System National Information Center http://www.ffiec.gov/nicpubweb/nicweb/nichome.aspx

1

(1) On or about June 16, 2006, J'ADORE, a Maine corporation with a former place of business in Portland, Maine, owned and operated by Defendant Susan Everest, executed and delivered a Promissory Note and Commercial Security Agreement to Ocean National Bank in the original amount of ONE HUNDRED THOUSAND and 00/100 Dollars ($100,000.00). (the "Note").

(2) As collateral for the Note, on March 29, 2007 the Defendant Susan Everest executed and delivered a personal guaranty of the J'Adore Note (the "Guaranty") to Ocean National Bank, which Guaranty was secured by a first priority mortgage deed recorded in the York County Registry of Deeds in Book 15124, Page 333 ( the "Mortgage"); the mortgaged real estate located at 18 Barbara's Way, Kennebunkport, Maine (the "Property").

(3) On June 16, 2006, J'Adore executed and delivered a commercial Line of Credit to Ocean National Bank (the "LOC"), which is now held by Peoples United Bank.

(4) The LOC is crossed defaulted and cross collateralized by the Guaranty and Mortgage and in payment default.

(5) J'Adore is in payment default of the Note and LOC and the Defendant has breached the conditions of the Guaranty and Mortgage, to wit: Defendant and J'Adore have failed to make payments when due under the Note, LOC Guaranty and Mortgage since March 29, 2010 and has allowed real estate tax liens and junior liens to encumber the Property.

This motion for summary judgment is filed against the Defendant pursuant to M.R.Civ.P. 56. Based upon the pleadings and the affidavits filed by the Plaintiff in support of its motion, the Court finds that there is no genuine issue of material fact and that the Plaintiff is entitled to judgment as a matter of law on its Complaint. Further, the Court makes the following specific findings of fact and conclusions of law:

2

1. The Defendant Susan Everest is a resident of Kennebunkport, York County, Maine. The Defendant is not an infant, or incompetent person, and is not in the military services of the United States of America as defined in Article 1 of the Soldier's and Sailor's Relief Act of 1940, as amended; Defendant was served in-person at 12 Mills Road, #2, Kennebunkport, Maine with a copy of the summons and complaint on November 11, 2010.

2. The facts showing that venue was properly laid in this court are that the land which is the subject matter of the mortgage in this proceeding is located at 18 Barbara's Way, Kennebunkport, York County, Maine.

3. Defendant has breached the conditions of the Note, the LOC, the Guaranty and Mortgage, to wit: Defendant has failed to make payments when due under the Note and LOC, and is in payment default of the Mortgage for failure to make monthly payments and having allowed Maine Revenue Service lien to encumber the Property.

4. As a consequence thereof, Defendant is also in breach and default of the terms of the Mortgage, entitling Plaintiff to foreclosure of the Mortgage.

5. As of January 27, 2011, the amounts due the Plaintiff under the terms of the Note were:

| | |
|---|---|
| Principal Balance | $37,913.05 |
| Interest to 1/27/2011 | 2,530.92 |
| Fees | 713.72 |
| Protective Advances[2] | $4,451.42 |

---

[2]

| | |
|---|---|
| Central Maine Power | $595.67 |
| Downeast Energy Fuel Oil | 2,686.23 |
| Self Storage for business collateral | 315.00 |
| Appraisal/Business assets | 281.92 |
| Plumbing & Heating | 572.60 |
| Total through 1/27/11 | $4,451.42 |

3

    Total due as of 1/27/2011                              $45,609.11
    Per Diem                                                    $8.55

6. As of January 27, 2011, the amounts due the Plaintiff under the terms of the LOC were:

| | |
|---|---|
| Principal Balance | $24,148.28 |
| Interest to 1/27/2011 | 950.46 |
| Fees | 1,158.70 |
| Total due as of 1/27/2011 | $26,257.44 |
| Per Diem | $2.85 |

7. The Plaintiff is entitled, as a matter of law, to recover its reasonable attorneys' fees in connection with the loan obligations of Defendant and to foreclose the Mortgage. The Court specifically finds that the Plaintiff is entitled to include the sum of $1,105.45 for the costs of collection and reasonable attorney's fees of $6,820.50 through, and which sum is part of the claim of the Plaintiff secured by the Mortgage, and finds that reasonable attorney's fees and costs will continue to accrue through the date of the sale as established by the Plaintiff's Report of Sale. The Court further finds that the amounts owed to Plaintiff may be adjusted and finalized by the filing of a statutory Report of Sale after the filing of the Receiver's final accounting such that all charges and credits are properly reflected in a deficiency judgment.

8. The interests of the Defendant and Parties-in-Interest in the Property are inferior and subordinate to the interests of the Plaintiff and set forth below.

9. Defendant has broken the covenants and conditions of the Mortgage by her failure to make payments as required under the terms of the Note, and the Plaintiff has accelerated the principal and accrued interest under the Note. As a result of said breach, Plaintiff is entitled to and demands the foreclosure of the Mortgage and the sale of the premises described therein.

10. There is no genuine issue as to any material fact alleged in the Plaintiff's Complaint. Plaintiff certifies that it is the owner of the Note, LOC, Guaranty and Mortgage referenced above and annexed hereto and it is exempt from the notification requirements set forth in 14 M.R.S.A. §6111 pursuant to subsection (5) and because this involves a commercial loan transaction, so that a consumer notice of default and right to cure is not required. Additionally, Plaintiff is the original mortgagee and remains the owner of the Mortgage.

Each of the findings and conclusions recited hereinabove is incorporated herein as an express finding of fact or conclusion of law. In light of the foregoing findings of fact, and based on all of the evidence adduced, the Court hereby ORDERS and ADJUDGES a foreclosure of the Mortgage (as defined hereinabove) pursuant to 14 M.R.S.A. §6322. If the Defendant, or her respective heirs, successors or assigns, do not pay to the Plaintiff the aggregate of the sums described in paragraphs 5., 6. and 7. above, together with additional costs and interest from January 28, 2011 to the date of redemption and such additional attorneys' fees and costs as the Plaintiff may have incurred after January 27, 2011, within 90 days from the entry of this Order, or within such additional time as the Plaintiff may in its discretion allow, the Plaintiff shall proceed to sale in accordance with 14 M.R.S.A. §6321 et seq. The proceeds of the sale of the Property shall be disbursed as follows:

First, to the Plaintiff for all expenses, costs, reasonable attorneys' fees, and costs of sale incurred by the Plaintiff from and after the filing of the Complaint through the sale of the Property;

Second, to the Plaintiff in the amount specified hereinabove as the sum due and owing to it pursuant to the Note, LOC, Guaranty and/or the Mortgage, including accruing interest;

5

and

Third, to the Party-in-Interest Maine Revenue Services in the amount and priority as set forth in its affidavit submitted in this action by virtue of its Notice of State of Maine Tax Lien against Susan Evereset recorded in the York County Registry of Deeds in Book 15830, Page 7.

Last, to the Defendant or any other party appearing in this action.

The Court further finds, pursuant to M.R.Civ.P. 54(b)(2), that the Plaintiff's claim for attorneys' fees is integral to the relief sought. Accordingly, the Plaintiff may file a request for additional attorneys' fees and costs (in addition to those set forth hereinabove) within thirty (30) days after the entry of a final judgment following the filing by the Plaintiff of the Report of Sale pursuant to 14 M.R.S.A. §6324. The Plaintiff may pay into the Court any surplus from the sale of the Property pending the entry of an Order disbursing the same.

Further, and not in limitation of any other rights of the Plaintiff, in the event that the Defendant shall fail to redeem the Property within the period of redemption and in accordance with the terms of this Order, any remaining right of the Defendant to possession of the Property shall terminate upon expiration of the ninety day period of redemption. The Plaintiff shall be entitled to possession of the Property upon expiration of the period of redemption and pending the public sale pursuant to 14 M.R.S.A. §6323. Further, upon the request of the Plaintiff at any time after the expiration of the period of redemption the Clerk shall issue a writ of possession to the Plaintiff for the Property.

The Defendant has filed for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court, District of Maine, Case No. 10-21181. Accordingly, she will not be responsible for any deficiency stemming from the sale of the Property. Because the Defendant in this action has

6

filed for Chapter 7 Bankruptcy, the Plaintiff may not seek or obtain remedies for a deficiency. For purposes of the findings required by 14 M.R.S.A. §2401, the Court adopts and incorporates Exhibit A, annexed hereto, by reference. The Plaintiff shall be responsible for effecting compliance with said statute. The Clerk is directed to enter this Order and Judgment upon the docket by reference pursuant to M.R.Civ.P. 79(a).

Dated at Biddeford, Maine this 21 day of March, 2011.

_____
~~Justice, Superior Court~~
Judge, District Court

**APPEAL CERTIFICATION:**

A. The appeal period with respect to the foregoing Judgment expired on April 12, 2011, without any appeals being taken.

B. An appeal was filed by _____ on _____, 2011.

Seal

A true copy, ATTEST: _____ Clerk of Courts

ATTEST: _____
Clerk, ~~Superior~~ Court
Asso. District

ENTERED ON DOCKET on 3/22/11

7

| STATE OF MAINE<br>YORK, ss. | DISTRICT COURT<br>DISTRICT TEN/BIDDEFORD<br>Div. of E. York<br>DOCKET NO. BID re-10-244 |
|---|---|
| PEOPLE'S UNITED BANK, formerly known as, OCEAN NATIONAL BANK )<br><br>Plaintiff )<br><br>v. )<br><br>SUSAN EVEREST aka )<br>SUSAN ST. JEAN )<br><br>Defendant )<br><br>AND )<br><br>MAINE REVENUE SERVICES )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC. and )<br>BAC HOME LOANS SERVICING, LP )<br><br>Parties of Interest ) | EXHIBIT A<br><br>TO<br><br>JUDGMENT OF FORECLOSURE<br>AND ORDER OF SALE<br><br>(Title to Real Estate Involved)<br><br>18 Barbara's Way, Kennebunkport, Maine<br><br>Book 15124, Page 333 |

*Names and addresses of parties and counsel of record:*

| Party: | Counsel: |
|---|---|
| People's United Bank<br>(Peoples United Bank, dba Ocean National Bank) | Wendy J. Paradis, Esq.<br>Bernstein Shur Sawyer & Nelson<br>100 Middle Street<br>P.O. Box 9729<br>Portland, ME 04104-5029 |
| Susan Everest | Pro se; Clerk's Default entered |
| State of Maine Revenue Service | Pamela W. Waite, Assistant Attorney General<br>State of Maine<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333 |
| Mortgage Electronic Registration Systems, Inc.<br>Legal Department<br>PO BOX 2026<br>Flint, MI 48501 | Pro se; Clerk's Default entered |

1

| | |
|---|---|
| BAC Home Loans Servicing, LP<br>PO BOX 650070<br>Dallas, TX 75265 | Pro se; Clerk's Default entered |

*Certification of receipt of notice of proceedings*: The Court certifies that each of the parties to the action has received notice of the proceedings, and that notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

*Legal Description*:

See Exhibit A, annexed hereto

2

Exhibit A

A certain lot or parcel of land, with any improvements thereon, situated in the Town of Kennebunkport, County of York, State of Maine, lying westerly of, but not abutting Mills Road (aka Route #9), bounded and described as follows:

Beginning at the southwesterly corner of the parcel herein described at a large stone marked "H" found at the intersections of stone walls at the easterly boundary of land described in a deed from Theodora B. Hanson to Stephen M. Hanson and Theodora B. Hanson, dated November 1, 2003, and recorded in the York County Registry of Deeds in Book 13669, Page 180. Said land also being shown on a plan entitled, "Standard Boundary Survey on Mills Road, Cape Porpoise, Kennebunkport, Maine Made for Theo Gordon", dated November 16, 1999, revised September 3, 2003 by Owen Haskell:

Thence, by said Hanson the following six (6) courses and distances:

1) N 45° 05' 47" W by a stone wall a distance of 204.88 feet;
2) N 43° 45' 16" W by a stone wall a distance of 157.36 feet;
3) N 43° 04' 47" W by a stone wall a distance of 143.71 feet to a 5/8 inch iron rod with a survey cap found at the end of said stone wall;
4) N 44° 13' 32" W a distance of 181.57 feet to a 5/8 inch iron rod with survey cap found at the beginning of a stone wall;
5) N 37° 05' 05" W by said stone wall a distance of 43.13 feet;
6) N 42° 47' 37" W by a stone wall a distance of 170.17 feet to a 5/8 inch iron rod with survey cap found at the intersection of stone walls;

Thence, across land of Cape Porpoise Motel the following three (3) courses and distances:

1) N 52° 52' 45" E a distance of 116.20 feet to a 5/8 inch rebar set;
2) S 45° 04' 27" E a distance of 753.54 feet to a 5/8 inch rebar set at the northeasterly corner and terminus of a 20 foot wide right of way;
3) S 54° 24' 45" E by said right of way a distance of 105.62 feet to a 5/8 inch rebar set at a stone wall at Parcel 1 as described in a deed recorded in the York County Registry of Deeds in Deed Book 12384 Page 258;

Thence, S 39° 16' 15" W by said stone wall and Parcel 1 a distance of 85.60 feet to a 5/8 inch rebar with survey cap found;

Thence, S 30° 50' 43" W by said stonewall and Parcel 1 a distance of 73.24 feet to the point of beginning.

Together with a 20 foot wide right of way for purposes of ingress and egress and the installation and maintenance of utilities over a parcel of land situated on the westerly side of and adjourning Mills Road (Route #9) in the Town of Kennebunkport, County of York, State of Maine, described as follows:

Beginning at a point in the westerly sideline of Mills road located N 11° 30' 26" E a distance of 25.97 feet from a 5/8" rebar with survey cap #1320 found flush in the ground at the northeasterly corner of land now or formerly of Larry & Althea m. Silvester and at the southeasterly corner of land of the Cape Porpoise Motel described as Parcel 1 in deed recorded in York County Registry of Deeds in Book 12384, Page 258;

Thence running N 11° 30' 26" E along the westerly sideline of Mills Road, a distance of 20.01 feet to a point;

Thence, turning and running across land of Cape Porpoise Motel the following seven (7) courses and distances:

1) N 76° 49' 11" W a distance of 41.09 feet;
2) N 14° 56' 58" W a distance of 95.72 feet

3) N 61° 02' 50" W a distance of 87.16 feet;
4) N 70° 46' 21" W a distance of 29.75 feet
5) N 67° 04' 23" W a distance of 43.31 feet;
6) N 38° 43' 05" W a distance of 152.46 feet;
7) N 12° 07' 02" W a distance of 145.82 feet to a 5/8 inch rebar set in a stone wall at the southeasterly corner of land herein conveyed;

Thence, turning and running S 39° 15' 15" W by land herin conveyed and along said stone wall, a distance of 25.60 feet to a point;

Thence, turning and running across land of Cape Porpoise Motel described in deed recorded in Book 12384, Page 258, the following seven (7) courses and distances:

1) S 11° 58' 56" E a distance of 133.94 feet;
2) S 38° 43' 05" E a distance of 162.94 feet;
3) S 67° 04' 23" E a distance of 49.00 feet;
4) S 70° 46' 21" E a distance of 28.69 feet;
5) S 61° 02' 50" E a distance of 76.94 feet
6) S 14° 56' 58" E a distance of 99.20 feet;
7) S 76° 49' 11" E a distance of 53.66 feet to the point of beginning.

Not withstanding the foregoing Easement Premises description, Cape Porpoise Motel grants and easement for the installation, maintenance and repair of utilities, 20 feet in width in each and every part on, over, and across its land stating at the westerly sideline of Mills road, Route 9 and thereafter running to CMP Pole #5.1 and CMP Pole # 5.2 as shown on Exhibit B, in a deed from Cape Porpoise Motel to Daniel L. Higgins recorded in Book 14305, Page 615 and from CMP Pole # 5.2 to the point where the previously described 20 foot wide Easement Premises runs in a general northwesterly direction to the premises herein conveyed.

All bearings are based on the plan entitled "Site Plan, Cape Porpoise House Condominium" dated July 5, 1988 by Oak Point Associates. The above description was derived from plan entitled "Proposed Division of Land at 12 Mills (Route 9), Cape Porpoise, Kennebunkport, Maine, 04014. Owned by Cape Porpoise Motel", dated November 29, 2004 by Lower Village Survey Company, which is hereby made a part of this description.

Reference is also made to a plan entitled "Site Plan of Proposed Access Road at Cape Porpoise Motel, 12 Mills Road, Cape Porpoise, Maine 04014. Owned by Suson & John Everest" dated June 7, 2004, by Lower Village Survey Co., LLC.

Being the same pre███████████seph P. Biamonte II from Daniel L. Higgins by Warranty Deed dated may 31, 2005, ██████████████████9 of the York County Registry of Deeds.

END OF DOCUMENT

END OF DOCUMENT