UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| IN RE:<br><br>JOHN B. EVEREST AND<br>SUSAN E. EVEREST | BK No.: 10-21181<br>Chapter 7 |
|---|---|

**OBJECTION TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

NOW COMES The Bank of America, N.A., (together with its successors, affiliates, principals, predecessors-in-interest and assigns, "Lender"), hereby objects to the Trustee's Motion for Order Authorizing the Sale of Certain Real Property Free and Clear of Liens, Claims, Interests and Encumbrances (the "Motion"). As grounds, Lender states as follows:

**BACKGROUND**

1. Lender is an entity with a place of business located at Bank of America, N.A., 150 Allegheny Center Mall, Pittsburgh, PA 15212.

2. The debtors, John B. Everest and Susan E. Everest (the "Debtors"), are individuals with a mailing address of P.O. Box 7218, Cape Porpoise, ME 04014.

3. Susan E. Everest ("Everest") is the sole owner of certain property located at 18 Isabella's Way a/k/a 18 Barbara's Way, Kennebunkport, Maine (the "Property"), by virtue of the Deed dated July 26, 2006, and recorded in the York County Registry of Deeds on August 3, 2006, in Book 14917 at Page 211, copy of which is attached as <u>Exhibit A</u>.

4. Everest is the obligor pursuant to a promissory note (the "Note") dated February 5, 2008, in the principal amount of $780,000.00, copy of which is attached as <u>Exhibit B</u>.

1

5. To secure the Note, Everest executed a mortgage (the "Mortgage," together with the Note collectively referred to as the "Loan Documents") to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Bank, FSB, dated February 5, 2008, in the principal amount of $780,000.00 that encumbers the Property, which Mortgage was recorded in the York County Registry of Deeds in Book 15353 at Page 317. A copy of the Mortgage-1 is attached hereto as <u>Exhibit C</u>.

6. There is no other collateral to secure the Note.

7. Lender, as successor by merger to BAC Home Loans Servicing L.P. f/k/a Countrywide Home Loans Servicing L.P. (copies of the Secretary of State Certificates and Maine Department of the Secretary of State Information Summary evidencing the name change of Countrywide Home Loans Servicing L.P. into BAC Home Loans Servicing L.P., as well as Certification of the Controller of Currency evidencing the merger between BAC Home Loans Servicing L.P. and Bank of America N.A. are attached here to as <u>Exhibits D 1-3</u>), is the current holder of the Loan Documents by virtue of an assignment of mortgage executed on January 5, 2009 and recorded with the York County Registry of Deeds in Book 15545 at Page 64, copy of which is annexed as <u>Exhibit E</u>.

8. On Februry 17, 2009, Lender filed with Biddeford District Court a certain Complaint for Foreclosure by Civil Action (the "Complaint-1"), which Complaint was dated February 10, 2009, and assigned Docket No. RE-09-60 naming Everest as Defendant. A copy of the Clerk Certificate is attached hereto as <u>Exhibit F</u>.

9. On May 12, 2010, Lender recovered Judgment of Foreclosure and Order of Sale (the "Judgment-1") in the foreclosure action referenced in paragraph 8 above, which Judgment-1 was duly recorded at the York County Registry of Deeds in Book 16051 at

Page 186. A copy of the Judgment-1 is attached hereto as <u>Exhibit G</u>.

10. On July 23, 2010 (the "Petition Date"), the Debtors filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine.

11. On August 30, 2010, the Trustee filed a Notice of Abandonments releasing the Bankruptcy Estate's interest in the Property.

12. Order Discharging Debtor entered on October 27, 2010, and the Bankruptcy Case was terminated on November 2, 2010.

13. On October 29, 2010, People's United Bank f/k/a Ocean National Bank ("People's") filed with Biddeford District Court a certain Complaint for Foreclosure by Civil Action (the "Complaint-2"), which Complaint-2 was dated October 27, 2010, and assigned Docket No. RE-10-244.

14. On March 22, 2011, People's recovered Judgment of Foreclosure and Order of Sale (the "Judgment-2") in the foreclosure action reference in paragraph 11 above.

15. On July 21, 2011, Lender, exercising its rights under 14 M.R.S.A. §6205, became the owner of Everest's obligation to People's (a copy of the Loan Sale Agreement is attached hereto as <u>Exhibit H</u>) and received and assignment of People's mortgage and Judgment-2, which assignments were recorded in the York County Registry of Deeds in Book 17147 at Page 338 and Book 16147 at Page 339 respectively. Copies of both assignments are attached hereto as <u>Exhibits I 1-2</u>.

16. As of the date the bankruptcy petition as well as of the date of this Objection, the list of encumbrances appearing of record against the Property are as follows:

- Mortgage in favor of Ocean National Bank (assigned to Lender) recorded

3

in Book 15124 at Page 333, on which, as of January 27, 2011, as indicated in the Judgment in favor of People's United Bank f/k/a Ocean National Bank (assigned to Lender), was due the amount of $71,866.55, exclusive of any additional interest, miscellaneous charges, attorneys' fees, costs, and expenses;

- Mortgage in favor of Mortgage Electronic Registration Systems Inc. as nominee for Countrywide Bank FSB (assigned to Lender) recorded in Book 15353 at Page 317, on which, as of April 15, 2009, as indicated in the Judgment in favor of BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing L.P.(held by Lender), was due the amount of $820,104.56, exclusive of any additional interest, miscellaneous charges, attorneys' fees, costs, and expenses;

- Mortgage in favor of Mortgage Electronic Registration Systems Inc. as nominee for Countrywide Bank FSB recorded in Book 15379 at Page 261 in the principal amount of $48,652.50 exclusive of any additional interest, miscellaneous charges, attorneys' fees, costs, and expenses;

- Notices of State of Maine Tax Liens recorded in Book 15830 at Page 7, Book 16051 at Page 444, Book 16075 at Page 655, on which as of March 15, 2012, was due the amount of $33,865.54, exclusive of any additional interest, miscellaneous charges, attorneys' fees, costs, and expenses.

17. Lender estimates the total amount of encumbrances on the Property to be well over $1,200,000.00.

18. Debtors' Schedules list the fair market value of the Property as $750,000.00.

4

19. As indicated by the Trustee, Town of Kennebunkport currently values the Property at $709,700.00, and the Trustee believes the present value to be $400,000.00-500,000.00. (See Trustee's Motion at ¶31, 32).

**ARGUMENT**

20. Despite the over-encumbered status of the Property, the Trustee, having re-opened the case and revoked the Notice of Abandonment, is now moving for authority to sell the Property free and clear of liens and namely, free and clear of Lender's Mortgage and Judgment.

21. The Trustee contends that the Lender could be compelled to accept monetary satisfaction of its interest pursuant to 11 U.S.C. §363 (f) (5), relies on Lender's Judgment-2 and cites to 14 M.R.S.A. §6324 in support of his argument.

22. The Trustee cannot disregard Lender's Mortgage and sell the Property free and clear of the same, because said Mortgage was of record and represented a valid lien against the Property as of the Petition Date. The Mortgage has not been discharged on its own or extinguished by a foreclosure sale of the formally People's mortgage.

23. 11 U.S.C. §541 provides that the bankruptcy estate is created upon commencement of a case. Further, § 544(a)(1) "freezes the relative positions of secured and unsecured creditors at the time of the [bankruptcy] filing." In re Wind Power Syst., Inc., 841 F.2d 288, 292 (9th Cir. 1988); In re Neuenschwander, 73 B.R. 327, 328 (Bankr. S.D. Fla. 1987) ("the lien rights of a creditor are fixed under bankruptcy law as of the date the petition is filed"); Lockhart v. Garden City Bank & Trust Co., 116 F.2d 658, 661-62 (2nd Cir. 1940) ("rights of the creditor, as against the bankruptcy trustee, become fixed on the date the bankruptcy petition is filed"). Finally, "[…] the Petition Date is also the operative time to

5

determine the validity and enforceability of a [...] lien on entireties property." Dzikowski v. Schein, 388 B.R. 411 (Bankr. S.D. Fla. 2008). "This is true even if the case has been closed and reopened." In re Goswami, 304 B.R. 386 (9th Cir. BAP 2003). Thus, areopeniong of a case cannot support a re-prioritization of liens.

24. In the present case, Lender's Mortgage was recorded and perfected on February 19, 2008. The Bankruptcy Petition was filed June 23, 2010. Thus, application of the rules established by the case law cited above dictates that Lender's Mortgage, existing as of the Petition Date, remains valid as against the bankruptcy estate making the subject Property an over-encumbered asset. To conclude otherwise, the date upon which the relative positions and the rights of secured and unsecured creditors, as they relate to the bankruptcy estate become fixed, would be rendered a moving target.

25. By virtue of its recorded mortgage and pursuant to 11 U.S.C. §541, Lender's interest in the property is superior to that of the Trustee. In re NTA, LLC, 380 F.3d 523, 528 (1st Cir. 2004) ("[...] bankruptcy estate cannot succeed to a greater interest in property than the debtor held prior to bankruptcy.")

26. The Trustee provides no case law or statutory authority which would indicate that the emergence of Judgment-2, also held by the Lender, somehow invalidates or extinguishes Lender's Mortgage or Judgment-1. Trustee's reliance on 14 M.R.S.A. §6324, which governs distribution of the proceeds resulting from the foreclosure sale, is misplaced, as no foreclosure sale has taken place.

27. It is a well-established principle under Maine law that a mortgage vests the legal title to the property in the mortgagee, while the equitable title to the same property remains in the mortgagor. The merger of the legal and the equitable titles to the same

property in a person or an entity can only be accomplished by an adequate form of conveyance. Jones v. Smith, 79 Me. 446 (Me. 1887); Wyman v. Porter, 108 Me. 110 (Me. 1911) ("[U]ntil foreclosure [...] the mortgage remains in the light of a chose in action").

28. A foreclosure judgment, while recorded in the appropriate registry of deeds, is not recognized as a valid conveyance in the State of Maine. Otherwise, certain statutory provisions, such as the Right of Redemption, would be rendered superfluous; moreover, the Lender would have already become the owner of the Property pursuant to Judgment-1. Consequently, the Maine Foreclosure Statute provides that a foreclosure process must culminate in a sale of the property, which in turn will result in a deed conveying the property to the highest bidder. 14 M.R.S.A. §6323. Thus, prior to 14 M.R.S.A. §6324, as cited and relied upon by the Trustee, can affect the distribution of the sale proceeds, the events prescribed in §6323, namely the publication of the notice of sale and the sale itself, must take place.

29. In this case, Judgment-2 has not resulted in a sale. The applicable publication deadlines have expired and cannot be extended absent an order of the District Court pursuant to 14 M.R.S.A. §6323 (3). The Plaintiff and the holder of Judgment-2 cannot be compelled to conduct a foreclosure sale. Without the sale and the resulting foreclosure deed, title to the property remains unchanged with Everest as the record owner and all liens appearing of record remain intact.

30. Trustee states that the Lender could be compelled to accept a monetary satisfaction of its interest in the property pursuant to 11 U.S.C. §363 (f) (5). (See Trustee's Motion at ¶38(a)) In order for 11 U.S.C. §363 (f) (5) to be applicable, "the bankruptcy court must make a finding of the existence of such a mechanism and the trustee must demonstrate

how satisfaction of the lien "could be compelled." Scherer v. Federal Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments), 159 B.R. 821 (N.D. Ill. 1993). "The statute additionally requires that "such entity could be compelled, in a legal or equitable proceeding, to accept" such a monetary satisfaction." Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25 (B.A.P. 9th Cir. 2008); 11 U.S.C. § 363(f)(5). The trustee provides no analysis demonstrating how the Lender could be compelled to accept monetary satisfaction of its liens short of full payoff. The "Procedural Status/Background" of the Trustee's motion references People's foreclosure action, which resulted in Judgment-2 currently held by the Lender. While it is true that the Lender is the holder of first and second mortgages as well as both foreclosure judgments, the Trustee provides no argument that (1) one judgment supersedes the other, that (2) any of the Lender's mortgages were invalidated by either judgment, or that (3) the Lender can be compelled to take either of the judgments to sale. Short of the actual sale, the order of priorities for the distribution of the sale proceeds in either judgment or 14 M.R.S.A. §6324 is of little utility to the Trustee. Thus, 11 U.S.C. § 363(f)(5), as the only section of the Code relied upon by the Trustee with respect to the Lender, is inapplicable.

31. Should the Lender elect to take either of its judgments to sale, Lender's lien position as it relates to the bankruptcy estate would remain unchanged by virtue of its duly recorded mortgages existing as of the Petition Date. "The United States Supreme Court has recognized that "valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved." Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 738, 75 L. Ed. 645, 51 S. Ct. 270 (1930). In Lockhart v. Garden City Bank & Trust Co., 116 F.2d 658 (2d Cir. 1940), the Second Circuit recognized that the date of filing the petition in

bankruptcy is the critical time as of which the status of the secured claim ought to be determined." In re Chaseley's Foods, Inc., 726 F.2d 303 (7th Cir. Ind. 1983). Changes in the post-petition status of a lien do not affect its validity, if said lien existed as of the Petition Date. In re Chaseley's Foods, Inc., 726 F.2d 303 ("once the bankruptcy petition is filed the secured creditor should not be required to file a continuation statement to preserve the validity of its lien"); Scherer v. Federal Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments), 159 B.R. 821 (N.D. Ill. 1993) ("[P]ost-petition lapse of the Judgment Lien is inconsequential because the Judgment Lien was perfected [...] on the Petition Date"). Thus, as against the Trustee, Lender's liens prevail.

32. With the number of encumbrances against the Property, the sale proposed by the Trustee will bear no benefit to the bankruptcy estate, as all liens must be satisfied before the estate would be entitled to proceeds. "In liquidation cases, where none of the conditions listed in section 363(f)1-(f)4 apply, the debtor's property should not be sold free and clear of creditors' interests unless those creditors receive full satisfaction of their interests." In re Stroud Wholesale, Inc., 47 B.R. 999 (E.D.N.C. 1985). "[A]s a general rule, the bankruptcy court should not order property sold 'free and clear of' liens unless the court is satisfied that the sale proceeds will fully compensate secured lienholders and produce some equity for the benefit of the bankrupt's estate." In re Riverside Inv. Partnership, 674 F.2d 634, 640 (7th Cir. 1982) (emphasis in original) (citing Hoehn v. McIntosh, 110 F.2d 199, 202 (6th Cir. 1940) (stating a court should not authorize a sale unless the sale will produce more than the "amount of the liens"), Freeman Furniture Factories v. Bowlds, 136 F.2d 136, 139-140 (6th Cir. 1943) (noting that the lien equaled the amount owed to the secured party and the court should not authorize a sale unless it

exceeded this amount), In re Bernhard Altman Intl. Corp., 226 F. Supp. 201, 205 (S.D.N.Y. 1963) (noting "it is settled practice not to order a sale free of liens if it appears that the amount of the encumbrance exceeds the value of the property")). Scherer, 159 B.R. at 826.

33. In the case at bar, the value of the property as indicated by Everest, the Trustee, and the Town of Kennebunkport Tax Assessor, is substantially less than the total amount of encumbrances. Therefore, the sale is unlikely to produce the funds necessary to satisfy the claims of the secured lienholders.

34. The Trustee states that the sale may be approved even if the sale price is insufficient to satisfy the secured claims in full. (See Trustee's Motion Footnote 4 at p.8) However, in this scenario, the Lender would be entitled to the full value of its secured claim resulting from the sale of the Property, leaving no funds available for the benefit of the bankruptcy estate. In re LCC Fin. Corp., 2002 BNH 38 (Bankr. D.N.H. 2002).

WHEREFORE, Lender prays that this Honorable Court deny the Trustee's Motion and order such other and further relief as may be just and proper.

LENDER,
By Its Attorney,

/s/ Victor Shapiro, Esq.
Victor Shapiro, Esq.
Bar No. 4286
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, Rhode Island  02860
(401) 272-1400 phone
(401) 272-1403 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July 2012, that I have caused the within Objection to Trustee's Motion for Order Authorizing the Sale of Certain Real Property Free and Clear of Liens, Claims, Interests and Encumbrances to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

John B. Everest
Susan E. Everest
P.O. Box 7218
Cape Porpoise, ME 04014

Maire Bridin Corcoran, Esq.
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
Portland, ME 04101
mcorcoran@bernsteinshur.com

Joshua R. Dow, Esq.
Pearce & Dow, LLC
Two Monument Square, Suite 901
P.O. Box 108
Portland, ME 04112-0108
jdow@pearcedow.com

Leonard F. Morley, Jr., Esq.
Shapiro & Morley, LLC
707 Sable Oaks Drive
Suite 250
South Portland, ME 04106
morleybankrupt@logs.com

Neil S. Shankman, Esq.
Shankman & Associates
The Gateway
11 Lisbon Street
Lewiston, ME 04240
bankruptcy@shankmanlegal.com

Lauren A. Thomas, Esq.
Drummond & Drummond
One Monument Way
Portland, ME 04101
lthomas@ddlaw.com

/s/ *Victor Shapiro*

11