Doc# 2011007076
Bk 16051 Pg 186 - 189
Received York SS
02/17/2011    10:13AM
Debra L. Anderson
Register of Deeds

STATE OF MAINE                              DISTRICT COURT
YORK, ss                                    DIVISION OF BIDDEFORD
                                            CIVIL ACTION
                                            DOCKET NO. RE-09-60

BAC HOME LOANS SERVICING,
LP, F/K/A COUNTRYWIDE HOME
LOANS SERVICING, LP
    **PLAINTIFF**

V.

SUSAN EVEREST
    **DEFENDANT(S)**

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
ACTING SOLELY AS NOMINEE FOR
COUNTRYWIDE BANK, FSB
    **PARTIES-IN-INTEREST**

### JUDGMENT OF FORECLOSURE AND ORDER OF SALE
### TITLE TO REAL ESTATE IS INVOLVED
### PROPERTY ADDRESS: 15 ISABELLA'S WAY, KENNEBUNKPORT, MAINE
### RECORDED IN BOOK 15353 AT PAGE 317

    Upon Notice and (with) (without) Hearing, (Objections) (No Objections) having been filed, upon Plaintiff's Motion for Summary Judgment, the Court finds as follows:

    1.    The Defendant(s) has breached the conditions of that certain mortgage given by the Defendant(s) to Plaintiff or its Predecessors-In-Interest, dated February 5, 2008 (the "Mortgage"), and recorded in the York County Registry of Deeds in Book 15353 at Page 317, by defaulting on the promissory note executed by the Defendant(s) of even date (the "Note") and secured thereby. The subject property is located at 18 Isabella's Way, Kennebunkport, York County, Maine (the "Premises") and is more particularly described in the Mortgage to which reference is hereby made.

    2.    Defendant(s) has defaulted on his/her/their obligations under the Note and has breached the conditions of the Mortgage by his/her/their acts and omissions, including, but not limited to, failing to make payment when due under the Note.

    3.    As of April 15, 2009, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

1


EXHIBIT G

| | | |
|---|---|---|
| a. | Principal Balance | $779,146.71 |
| b. | Accrued Interest to 4/15/2009 (with a per diem of $120.0739) | $34,554.22 |
| c. | Late charges | $365.52 |
| d. | Fees Due | $380.00 |
| e. | Recording Fee | $16.00 |
| f. | Escrow Balance Due | $3,923.68 |
| f. | Reasonable attorneys' fees and costs As allowed pursuant to Counsel's Affidavit filed concurrently herewith in the amount of | $1,718.43 |

g. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's Mortgage through the date of redemption of sale and completion of these proceedings

4. The order of priority of those claims appearing before this Court are as follows:

   a. First Priority: The mortgage of Plaintiff, BAC, recorded in York County Registry of Deeds in Book 15353 at Page 317. The amount due to Plaintiff is as set forth above.

   b. Second Priority: The lien filed by Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Bank, FSB recorded in the York County Registry of Deeds in Book 15379, Page 261. The original amount due the afore-mentioned junior lienholder is $48,652.50.

   c. Last, to be paid to Defendant(s) or in accordance with any further Order of this Court.

5. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

   Party:    BAC Home Loans Servicing, LP, f/k/a Countrywide Home
             Loans Servicing, LP
             c/o Countrywide Home Loans Servicing, LP
             P.O. Box 5170
             Simi Valley, CA 93065
   Counsel:  Rachael Pierce
             Shechtman Halperin Savage LLP
             1080 Main Street
             Pawtucket, RI 02860

   Party:    Susan Everest
             Post Office Box 7218

2

|  |  |
|---|---|
| Counsel: | Cape Propoise, ME 04014<br>none known |
| Party: | Mortgage Electronic Registration Systems, Inc, acting solely as nominee for Countrywide Bank, FSB<br>P.O. Box 2026<br>Flint, MI 48501 |
| Counsel: | none known |

6.  The docket number for this action is RE-09-60.

7.  All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any Order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:

a.  Judgment of Foreclosure and Sale is hereby entered in favor of BAC. If Susan Everest and Mortgage Electronic Registration Systems, Inc, acting solely as nominee for Countrywide Bank, FSB , his/her/their heirs and assigns do not pay to the Plaintiff, its successors and assigns, the amount of Plaintiff's total claim due as set forth above, then BAC, its successors and assigns shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of sale, after deducting the expenses thereof,

First, to BAC, its successors and assigns, as set forth above;

Second, to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Bank, FSB in the amount of the lien recorded in the York County Registry of Deeds in Book 15379, Page 261, as modified by any affidavit of debt filed by said party in this case.

Third, to Defendant(s) in accordance with any further order of this Court.

b.  Find that the Defendant(s) is liable for any deficiency balance remaining due to Plaintiff after the sale of the mortgaged real estate and application of the proceeds of sale to the extent one or more of Defendant(s) may be liable therefore, and/or as affected by the terms of the United States Bankruptcy Code, if applicable;

c.  All remaining rights of the Defendant(s) to possession shall terminate upon expiration of the statutory ninety (90) day redemption period. If Defendant(s) has not redeemed the mortgage by that date, Defendant(s) is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

3

    d.    The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief sought in Plaintiff's Complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to M.R.Civ.P. 54.

    e.    If an appeal is not filed and the Clerk has so certified, BAC shall be responsible for recording an attested copy of this judgment in the York County Registry of Deeds and paying the recording fee.

    f.    Pursuant to Rule 79(a), this Order may be incorporated by reference on the Civil Docket.

Dated: _____5/10_____, 2009  _____[signature]_____
                                              Judge, District Court

Entered On: _____5-12_____, 2009 2010

**SEAL**

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3)(F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _6/3/2010_, ~~2009~~  _Megan Baker_
                                      ~~Clerk of Court~~ Asst Clerk

End of Document

[Stamp: Received & Filed APR 22 2010 BIDDEFORD DISTRICT COURT]